# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 01-1610

———————

Shirley Gasper,                 *

                               *

      Plaintiff - Appellant,    *

                               *   Appeal from the United States

    v.                      *   District Court for the

                               *   District of Nebraska.

Wal-Mart Stores, Inc., a Delaware   *

corporation,                *

                               *

      Defendant - Appellee.   *

———————

Submitted:  October 17, 2001
Filed:  November 9, 2001

———————

Before WOLLMAN, Chief Judge, MURPHY and RILEY, Circuit Judges.

———————

MURPHY, Circuit Judge.

After Wal-Mart Stores terminated Shirley Gasper, she brought this action alleging that her discharge was unlawful because a report she had made to law enforcement authorities about customer photos was protected under Nebraska law. The case was tried to a jury whose verdict was for Wal-Mart. Gasper's motion for a new trial was denied by the district court,[1] and she appeals on the basis of the

———————

[1]Kathleen A. Jaudzemis, United States Magistrate Judge for the District of Nebraska, presiding.

instructions to the jury. We affirm.

Gasper was employed in the photo processing department of a Wal-Mart store in Fremont, Nebraska. Wal-Mart has a policy intended to protect customer confidentiality in its photo center. In order to safeguard the subject of customer photo materials, there are restrictions on the handling of materials by photo center employees. These include restrictions on discussing or showing the materials or letting them leave the lab area.[2] Employees are instructed to take any "questionable pictures of minors" to the store manager.

On July 19, 1999, another employee in the photo processing department developed film that contained pictures of a child lying on a newspaper covered with what appeared to be marijuana leaves and currency, including $100 bills. Gasper notified the manager of the department, Glenda Bonacci, about the pictures. Although Gasper was dissatisfied with Bonacci's reaction,[3] she did not notify the store manager as required under the policy. Instead, Gasper contacted the Fremont

---

[2]Wal-Mart's photo center confidentiality policy states:

> We believe that the subject of a Customer's negative or original print is confidential. Therefore, no Photo Center Associate will make any unauthorized prints from a Customer's negative or original print. Furthermore, no Associate will show, discuss, criticize, or make comments aloud about a Customer's order, other than professional comments related to producing the best possible product. Except for regular service orders, Customer negatives and original prints will not leave the Lab area of the Photo Center. Pictures involving questionable pictures of minors should be brought to the attention of the Store Manager and may removed from the lab for safekeeping.

[3]Apparently there was conflicting evidence at trial about Bonacci's reaction. Gasper claims that Bonacci said that she "did not have time to take care of [the] photos" and that "there was nothing that could be done about them." Wal-Mart disputes this version and points out that Gasper has provided the court only with that part of the trial transcript relating to the jury instructions.

Police Department. When an officer arrived at the Wal-Mart store, Gasper showed him the photos and gave him copies. Two days later, Gasper was discharged for having violated Wal-Mart policy.

Nebraska law provides that any "physician, medical institution, nurse, school employee, social worker, or other person" who has the reasonable belief that a child has been subjected to abuse or neglect must report this knowledge or cause a report to be made to law enforcement authorities. Neb. Rev. Stat. § 28-711. The district court interpreted the statute to impose a duty to report child abuse or neglect on all those who become aware of it. Wal-Mart did not appeal this ruling so we do not address it here. The Nebraska Fair Employment Practices Act makes it unlawful for an employer to discriminate against an employee because she "has opposed any practice or refused to carry out any action unlawful under" state law. Neb. Rev. Stat. § 48-1114(3).

On October 26, 1999, Gasper initiated this action against Wal-Mart under diversity jurisdiction. Gasper alleged that she had an obligation under Nebraska law to report evidence of child abuse to law enforcement, that Wal-Mart had terminated her for performing this duty, and Wal-Mart had thus violated the Fair Employment Practices Act by discriminating against her for refusing to comply with an unlawful practice. Wal-Mart responded that its policies provide that child abuse reports be made to authorities by the store manager, rather than by individual employees, in order to protect customer confidentiality. According to Wal-Mart, Gasper was terminated for violating its customer confidentiality policy and for showing an unwillingness to adhere to company policies in the future.

The case was submitted to the jury by means of a special verdict form. The first question asked: "Has it been proved by the preponderance of the evidence that defendant Wal-Mart had a practice which did not allow the report of suspected child abuse or neglect?" Only if the jury answered "Yes" to this question was it required

-3-

to answer the second question which asked: "Has it been proved by the preponderance of the evidence [Gasper]'s report to the police was the sole factor in [Wal-Mart]'s decision to discharge her?" There were in addition two damages questions for the jury to answer if it answered "Yes" to the first two questions.

Instructions were provided to guide the jury in addressing the questions. The jury was directed first to determine whether Wal-Mart had a practice of not reporting evidence of child abuse. The jury was instructed that if it answered that question affirmatively, it must proceed to the second question on causation. The jury was directed then to consider whether Gasper's report was a "determining factor" in Wal-Mart's decision to discharge her. It would have been a "determining factor" if it was the "sole cause" or if Wal-Mart's stated reasons were pretextual.

In the course of its deliberations, the jury sent a note to the court asking for "the legal definition[] of the word[] 'practice' . . . within the context of question #1, as placed before the jury." After the court conferred with counsel, it responded by telling the jury to review and consider the instructions as a whole.[4]

The jury returned a verdict on January 11, 2001. It answered "No" to the first question which asked whether Wal-Mart had a practice of not allowing child abuse to be reported, and it did not answer the questions on causation or damages. Judgment was entered in favor of Wal-Mart.

Gasper moved for a new trial, arguing that the jury instructions had not properly stated the elements of her claim or the burden of proof and that the verdict was the result of confusion on the part of the jury. She also challenged the court's

---

[4]The jury also asked the court for the "legal definition of . . . 'report'" and requested a dictionary; the court denied the request for a dictionary and directed the jury to review its instructions. Gasper has not objected on appeal to these points.

refusal to allow amendment of the complaint less than two weeks before trial (to assert a new claim for damages for mental anguish). The court denied the motion, ruling that the instructions had been proper and that the motion for amendment had been untimely.[5]

Gasper appeals from the judgment and the denial of a new trial on the basis that the jury was not properly instructed. She claims that the instructions should have asked whether Wal-Mart had a "policy" which did not allow the report of suspected child abuse, rather than whether Wal-Mart had such a "practice." She also claims that the court's instruction on causation was faulty in that the jury was directed to find for Gasper only if her report to the police was the "determining factor" or the "sole cause" in Wal-Mart's decision to discharge her. Gasper argues that "sole cause" is too high a bar under Nebraska law. Finally, Gasper asserts that the court erred in failing to provide a supplemental instruction in response to a request to define "practice."[6]

Wal-Mart responds that the instructions were proper. It points out that the term "practice" in the instructions was taken directly from the Fair Employment Practices Act, Neb. Rev. Stat. § 48-1114(3), the statutory source for Gasper's claim. It also argues that the "sole cause" standard is consistent with the Nebraska statute which

---

[5]The court deemed abandoned other points not discussed in Gasper's brief. These included claims that the verdict was not supported by the evidence and that errors of law had occurred at trial, as well as unspecified "irregularities" and misconduct on the part of the jury, the defendant, and defense counsel.

[6]Gasper attempts to raise several other issues, including claims that the instructions did not give the proper burden of proof and did not focus adequately on aspects of Wal-Mart's policy. She did not make specific objections on these points at trial, however, where she generally asserted that the instructions were "not a correct statement of the law." Specific objections to the form or content of jury instructions, including the grounds for objecting, must be made at trial to preserve them on appeal. Horstmyer v. Black & Decker (U.S.), Inc., 151 F.3d 765, 770 (8th Cir. 1998).

bars liability when an employee is discharged for any legitimate, non-pretextual reason, and that any error in the causation instruction would be harmless because the jury failed to reach that question. Finally, Wal-Mart contends that the court's response to the jury's request for an additional instruction was a proper exercise of its discretion.

A motion for a new trial should be granted if there is insufficient evidence to support the verdict. Larson v. Farmers Coop. Elevator of Buffalo Center, 211 F.3d 1089, 1095 (8th Cir. 2000). The denial of a motion for a new trial will not be overturned unless the court clearly abused its discretion, id., and a trial court has broad discretion in the formulation of jury instructions. Porous Media Corp. v. Midland Brake, Inc., 220 F.3d 954, 959 (8th Cir. 2000). A judgment will be reversed on the basis of instructional error only if the error affected the substantive rights of the parties. White v. Honeywell, Inc., 141 F.3d 1270, 1278 (8th Cir. 1998). The test is whether the instructions given, "taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately submitted the issues in the case to the jury." Id. (quoting Kim v. Nash Finch Co., 123 F.3d 1046, 1057 (8th Cir. 1997)).

Gasper argues that the instructions should have asked about Wal-Mart's "policy" rather than its "practice." The Fair Employment Practices Act prohibits an employer from discriminating against an employee who "has opposed any *practice . . .* unlawful under" state law. Neb. Rev. Stat. § 48-1114(3) (emphasis added). The court took the term "practice" from this statutory language, and it did not err or abuse its discretion by using a term from the governing statute rather than the term Gasper prefers which is not in the statute. Cf. McIlroy v. Dittmer, 732 F.2d 98, 102 (8th Cir. 1984) (upholding an instruction based on statutory language).

Gasper also argues that the district court should not have required her to show that her report to the police was the "sole factor" in Wal-Mart's decision to discharge

her.  Even were her argument correct, it would not justify the grant of a new trial.  A new trial is granted only if any alleged error was prejudicial, that is, if it "misled the jury or had a probable effect on its verdict."  Burry v. Eustis Plumbing & Heating, Inc., 243 F.3d 432, 434 (8th Cir. 2001) (quoting E.I. du Pont de Nemours & Co. v. Berkley & Co., 620 F.2d 1247, 1257 (8th Cir. 1980)).  Because the jury found that Wal-Mart did not have a practice of not reporting child abuse or neglect, the jury was not called upon to answer the question of whether Gasper's report to the police was a determining factor in her discharge.  Any error in the causation instruction could therefore not have affected the verdict.

Finally, Gasper claims that the jury's request for clarification as to the meaning of the term "practice" indicated that it was substantially confused as to a central issue in the case and the court should have provided it with additional guidance.  The trial court has discretion about how to respond to a request by the jury for supplemental instructions.  Int'l Travel Arrangers v. NWA, Inc., 991 F.2d 1389, 1405 (8th Cir. 1993).  "Practice" is a commonly known term, and the court did not abuse its discretion by declining to give an additional instruction or by directing the jury to review the instructions as a whole.

We conclude that the instructions fairly and adequately submitted the case to the jury and that the trial court did not abuse its discretion in its instructions to the jury or in denying the motion for a new trial.  We therefore affirm the judgment of the district court.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.