# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1102

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Kenneth Ray Martin, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 11, 2001

Filed: December 12, 2001

_____

Before BOWMAN, HEANEY and BYE, Circuit Judges.

_____

HEANEY, Circuit Judge.

Kenneth Ray Martin appeals his jury convictions for conspiracy to distribute methamphetamine and possession of methamphetamine with intent to distribute. He

argues that the district court[1] erred when it provided supplemental instructions to the jury, and that he received ineffective assistance of counsel. We affirm.

## I.     BACKGROUND

On August 3, 1999, narcotics agents entered a hotel room occupied by three individuals, including Martin. After the individuals gave the agents permission to search the hotel room, the agents discovered a cooler containing methamphetamine and cocaine. Martin admitted that he was transporting the cooler, but denied knowing that drugs were inside. Although Martin admitted he was paid several thousand dollars to transport the cooler, he informed the agents that he believed he was transporting money to the Mexican relatives of farm workers living in the United States.

On August 25, 1999, Martin was indicted on one count of conspiracy to distribute methamphetamine in violation of Title 21 U.S.C. § 841(a), and on one count of possession of methamphetamine with the intent to distribute, in violation of Title 21 U.S.C. § 841(b). At trial, Martin stipulated that only methamphetamine was found in the cooler, and the district court ordered that no reference be made to any controlled substance other than methamphetamine. Later, during the jury deliberations, the jury posed the following question to the court:

> Did Ken Martin have to know that it was specifically methamphetamine in the cooler? In other words, for a guilty verdict to be passed, does Ken Martin have to know that the material in the cooler was methamphetamine, or simply that it was drugs (controlled substances)?

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

In response to this question, the district court answered as follows:

> [T]he answer is no. However, you are . . . instructed that in considering this issue, you must remember that the Government must prove all elements of both Count 1 and Count 2 to establish the Defendant guilty of one or both counts.

After receiving these instructions, the jury returned a verdict of guilty. The district court sentenced Martin to two concurrent 121-month sentences, and this appeal followed.

## II.    DISCUSSION

Martin first argues that the district court erred when it supplemented the jury instructions. Although he offers no legal support for his position, he contends that because methamphetamine was the only controlled substance referenced in the government's indictment, the district court should have instructed the jury that it was required to find that Martin specifically knew methamphetamine was in the cooler. Martin also contends that such an instruction should have been made because no evidence of other controlled substances was presented to the jury.

"The trial court has discretion about how to respond to a request by the jury for supplemental instructions." Gasper v. Wal-Mart Stores, Inc., -- F.3d --, 2001 WL 1388849, *4 (8th Cir. Nov. 9, 2001); U.S. v. Beckman, 222 F.3d 512, 521 (8th Cir. 2000). A trial judge must be impartial any time he communicates with the jury during deliberation. U.S. v. Behler, 14 F.3d 1264, 1270 (8th Cir. 1994). "When a jury explicitly requests supplemental instruction, a trial court must take great care to insure that any supplemental instructions are accurate, clear, neutral, and non-prejudicial." U.S. v. Beckman, 222 F.3d at 521; United States v. Suppenbach, 1 F.3d 679, 683 (8th Cir. 1993). "Further, the trial judge should answer 'with

concrete accuracy,' and 'within the specific limits of the question presented.'" United States v. Behler, 14 F.3d at 1270 (citations omitted).

We find that the district court's supplemental instruction was accurate and appropriate. The court properly instructed the jury that Martin did not need to know the exact nature of the substance in his possession, only that it was a controlled substance of some kind. This is a correct statement of the law. See EIGHTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS § 6.21.841A, n.2 (West 2000); see also United States v. Noibi, 780 F.2d 1419, 1421 (8th Cir. 1986) ("The 'knowingly' element of this offense refers to a general criminal intent, i.e., awareness that the substance possessed was a controlled substance of some kind.")(citation omitted). The district court properly exercised its discretion when it answered the jury's question.

Martin also argues for the first time that his conviction should be reversed because he did not receive effective assistance of counsel. Generally, we do not consider ineffective assistance claims that have not first been presented to the district court because such claims "are best evaluated on the basis of facts developed outside the original record," and are therefore "more properly raised in a habeas corpus petition brought under 28 U.S.C. § 2255." U.S. v. Christians, 200 F.3d 1124, 1126 (8th Cir. 1999) (citation omitted); United States v. Hawkins, 78 F.3d 348, 351-52 (8th Cir. 1996). On direct appeal, we will only consider such claims in exceptional cases where: (1) the district court has developed a record on the ineffectiveness issue, or (2) the result would otherwise be a "plain miscarriage of justice." U.S. v. Santana, 150 F.3d 860, 863 (8th Cir. 1998). Neither extraordinary circumstance is present in this case, and thus we decline to address the ineffective assistance claim in this proceeding.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.