# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1048

_____

| | | |
|---|---|---|
| Margaret Vaughn ; Kevin L. Vaughn, | * | |
| | * | |
| Plaintiffs-Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Sutton Ruoff, Individually and in her | * | |
| official capacity as social service | * | |
| worker for the Clinton County | * | |
| Division of Family Services, et al.; | * | |
| | * | Appeal from the United States |
| Defendant-Appellee, | * | District Court for the Western |
| | * | District of Missouri. |
| Sandra Utz, as an individual and in | * | |
| her official capacity as social service | * | |
| worker for the Clinton County | * | |
| Division of Family Services; Patricia | * | |
| Marceau, as an individual and in her | * | |
| official capacity as a county director | * | |
| for the Clinton County Division of | * | |
| Family Services, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: September 13, 2002

Filed: September 19, 2002

_____

Before BOWMAN, BRIGHT, and FAGG, Circuit Judges.

_____

FAGG, Circuit Judge.

Margaret Vaughn and her husband Kevin L. Vaughn sued their Department of Family Services (DFS) caseworker, Sutton Ruoff (now Sutton McCrea but referred to as Ruoff), and other DFS employees, claiming Ruoff coerced Margaret into having a tubal ligation procedure. Ruoff began working with the Vaughns after DFS received a report that their infant, Leta, was failing to thrive and not receiving necessary medication. After investigation confirmed Leta was losing weight, the Vaughns were not feeding Leta appropriate food or giving her medicine, and unsanitary home conditions such as dog feces in the house threatened Leta's health, Leta was removed from the home. Margaret was given Depo Provera injections for birth control at the local health clinic, but soon learned she was pregnant again. Ruoff worked with the Vaughns throughout Margaret's pregnancy. One week after Margaret gave birth to Kevin, Junior, DFS removed Kevin from the home.

Margaret claims that during her pregnancy with Kevin, Ruoff brought up the subject of sterilization. After Kevin's birth, Margaret claims Ruoff told her she would get the children back in two to three weeks if she had her tubes tied. Ruoff denies promising the Vaughn's children would be returned if Margaret were sterilized. Margaret decided to have a tubal ligation sterilization procedure. Ruoff made the appointment and arranged for Margaret to stay at the Heartland House before her procedure, without cost to the Vaughns. Before the procedure, Margaret discussed the surgery with a doctor and signed consent forms. Margaret claims she did not want to have the surgery and wanted to change her mind the night before the procedure. Despite these reservations, Margaret had the tubal ligation. Several weeks later, because the Vaughns were not making progress toward reunification, the family planning team recommended the Vaughns' parental rights be terminated.

The district court granted DFS defendants' motion for summary judgment on all claims except due process claims against Ruoff. Ruoff appealed, claiming she was entitled to qualified immunity. We affirmed the district court, concluding that viewing the facts in the light most favorable to the Vaughns, a jury could conclude that Ruoff coerced Margaret into submitting to sterilization, Margaret was not given procedural protection, and Margaret's right to be free from compulsory sterilization was clearly established. Vaughn v. Ruoff, 253 F.3d 1124, 1128-30 (8th Cir. 2001). The Vaughns' case against Ruoff proceeded to trial. The jury rendered a verdict for the defense and Vaughns moved for a new trial, contesting the jury instructions. The district court[*] denied the motion. The Vaughns appeal, claiming the district court mistakenly submitted jury instructions describing a substantive due process claim, rather than a procedural due process claim which reflects the Vaughns' theory of the case. Having carefully reviewed the record and applicable law, we affirm.

The trial court has broad discretion in formulating jury instructions. Gasper v. Wal-Mart Stores, Inc., 270 F.3d 1196, 1199 (8th Cir. 2001). We will not reverse the district court's denial of a motion for new trial unless the court abused its discretion and the instructional error affected the substantive rights of the parties. Id. at 1199-1200. Here, the district court did not abuse its discretion because the jury instructions, taken as a whole and viewed in light of the evidence and applicable law, fairly and adequately submitted the issues in the jury. Id. at 1200. While it can be difficult at times to distinguish a procedural due process claim from a substantive due process claim, the evidence presented at trial did not support a procedural due process jury instruction. Wudtke v. Davel, 128 F.3d 1057, 1062 (7th Cir. 1997). The Vaughns' complaint alleges a due process violation, without specifying whether the violation was substantive or procedural. The Vaughns offered no evidence or argument at any point during the trial describing what procedural protections were

_____

[*]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

available or should have been used.  Further, the Vaughns offered no verdict directors describing procedures they were denied. The instructions proposed by the Vaughns state:

> Your verdict must be for plaintiff [Margaret Vaughn or Kevin Vaughn] and against defendant if you believe: *First*, defendant intentionally coerced plaintiff Margaret Vaughn into agreeing to undergo a sterilization procedure by stating or implying that the Vaughn's [sic] children would be returned to them if they agreed to sterilization; and *Second*, as a direct result, plaintiff Margaret Vaughn was damaged.

(J.A. at 342-43).  Because these instructions do not include the necessary elements of a procedural due process claim, they are insufficient as a matter of law.  Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999) (describing elements of procedural due process claim including allegation the state did not afford adequate procedural protections before depriving plaintiffs of protected interest).  In addition, because the instructions were not supported by evidence presented at trial, the Vaughns are not entitled to have these instructions submitted.  Aerotronics, Inc. v. Pneumo Abex Corp., 62 F.3d 1053, 1062 (8th Cir. 1995) (holding plaintiff entitled to instruction if legally correct and supported by evidence).  The district court did not abuse its discretion by declining to present the Vaughns' proposed instructions in the jury charge.

The Vaughns claim this Court's earlier opinion describing a possible procedural due process violation is binding precedent and law of the case.  We disagree.  A careful reading of our earlier opinion shows we considered procedural due process to be a viable claim, giving all reasonable inferences to the Vaughns. We were not presented with the need to determine whether the claim was substantive or procedural, nor does our opinion foreclose a substantive due process claim.  Our earlier opinion focuses on procedural due process protections available when the government seeks to sterilize a mentally handicapped person.  At the time of the earlier opinion, we relied on information that Margaret had been diagnosed with mild

mental retardation, information that was unsupported at trial. (Margaret is not mildly mentally retarded, but has a developmental reading disorder and a receptive language disorder.) The allegation of Margaret's mental retardation provided a factual link to the existing body of case law implementing procedural due process protections for involuntary sterilization of persons with mental disabilities. Vaughn, 253 F.3d at 1130. Our analysis of precedent requiring presterilization procedures did not foreclose the possibility that, when all the evidence was in, a substantive due process jury instruction would better explain the applicable law. Indeed, our concluding observation that any reasonable social worker would have known that a sterilization is not voluntary, and thus not constitutional, if it is consented to under the coercive threat of losing one's children speaks to a substantive due process issue. Vaughn, 253 F.3d at 1130.

The submitted jury instructions fairly and adequately described the facts alleged by the Vaughns–that Ruoff coerced Margaret into having a tubal ligation procedure by offering to return her children and Margaret's tubal ligation procedure was not voluntary–and the elements of substantive due process law–that the action was so egregious and outrageous that it shocks the conscience and was not justified by governmental interest. (J.A. at 358-59); County of Sacramento v. Lewis, 523 U.S. 833, 845-47 (1998) (describing elements of substantive due process claim); see also King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (describing § 1983 claims for verbal threats actionable if threat shocks the conscience or exerts coercive pressure). Thus, the district court committed no abuse of discretion in crafting jury instructions or in denying the Vaughns' motion for new trial. Gasper, 270 F.3d at 1200. As the district court explained, the jury's rejection of the Vaughns' claim reflects the finding that Margaret elected to have the tubal ligation procedure of her own free will, and was not coerced by Ruoff.

We affirm the denial of the Vaughns' motion for new trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.