# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3454

_____

Robert Lynn Cook,                        *
                                         *
    Plaintiff-Appellant,          *
                                         *   Appeal from the United States
    v.                            *   District Court for the
                                         *   District of Nebraska.
Maher K. Tadros,                         *
                                         *
    Defendant-Appellee.           *

_____

Submitted:  October 8, 2002

Filed:  November 25, 2002

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

LAY, Circuit Judge.

Robert Cook is a tenured Associate Professor of Engineering in the College of Engineering and Technology, in the Department of Construction Systems Technology (CST), at the University of Nebraska in Lincoln, Nebraska (UNL). He has been employed at the University since 1986. Maher Tadros became the interim chair of the CST department in January 1999 and as such was Cook's immediate supervisor. The precipitating event of this litigation related to a meeting of CST students and alumnae regarding the CST educational program and the department's reputation in the academia and the construction industry. An anonymous letter was read at the meeting which was critical of the department. Many faculty members blamed Cook for

sending the letter. Cook did not participate in the meeting and at trial it was stipulated that he did not write the letter. However, Cook alleged that Tadros had conspired with other faculty members in blaming Cook for sending the letter and calling the meeting. In July 1999, Cook filed a civil rights lawsuit against Tadros under 42 U.S.C. § 1983. He asserted that Tadros had conspired with other faculty, acting under color of state law, and retaliated against him for exercising his First Amendment rights to free speech and free association in violation of 42 U.S.C. § 1983. The retaliatory acts alleged by Cook included: an unsatisfactory evaluation, reassignment from teaching a course that he had previously taught, limiting his salary increase, increasing his teaching load, and allegations by Tadros that he was mentally ill and was a threat to the safety of his co-workers.

The case was submitted to the jury.[1] The jury returned a verdict for the Defendant, Tadros. This appeal followed. On appeal, Plaintiff claims that the district court erred in giving certain jury instructions and in dismissing his conspiracy claims. We affirm.

Cook claims that the district court erred in providing two instructions to the jury and in submitting a special verdict form with four special interrogatories. This court has reviewed the entire record, transcript, and instructions given and we find no error in the instructions.

During trial, Cook did not object to either the contents of Instruction No. 15 or to the first question on the verdict form. In Gasper v. Wal-Mart Stores, Inc., 270 F.3d 1196 (8th Cir. 2001), this court has held that instructional error will result in reversal of a judgment only where the error has affected substantive rights of the parties. Here, the district court properly submitted the special interrogatories to elicit jury

---

[1]The Honorable Joseph E. Bataillon, United States District Judge for the District of Nebraska, presiding.

findings on the underlying factual issues and reserved judgment on the legal impact of those findings until the verdict was returned. The supplemental interrogatories were based upon Model Jury Instruction § 5.71, 8th Cir. Civil Jury Instr., (West Group, 2001). We find the jury was properly instructed on the elements of the First Amendment retaliation claim. The jury returned their verdict finding there was no retaliation toward Cook. After receiving the jury's verdict, the district court ruled that Cook's speech was not protected as a matter of law. We find there was no error or abuse of discretion on the part of the district court. Because of our disposition of this case on the aforementioned grounds, we need not reach Plaintiff's challenge to the district court's dismissal of his First Amendment claim on the basis of qualified immunity of the Defendant, Tadros.

The Conspiracy Claim

At the close of the case, the district court granted Defendant's motion for judgment as a matter of law[2] on Cook's conspiracy claim, and instructed the jury that the conspiracy claim had been dismissed. On appeal, Cook argues that the district court erred in dismissing his conspiracy claims on the basis of the intracorporate conspiracy doctrine. Further, Cook contends that the district court's erroneous ruling resulted in prejudice and denied him a fair trial by indicating to the jury that the court had discounted much of his evidence.

Tadros disagrees, asserting that his motion for judgment as a matter of law on the conspiracy claim was based on his argument that Cook had failed to present sufficient evidence that Tadros participated in an actionable conspiracy to deprive Cook of his constitutional rights to free speech and free association. In addition, Tadros states that Cook's conspiracy claim was barred by the intracorporate conspiracy doctrine.

_____

[2]See, Fed. R. Civ. P. 50(a)(1).

-3-

The district court's ruling indicates that it granted Tadros' motion on both grounds; inadequate evidence of a conspiracy, and on the basis of the intracorporate conspiracy doctrine. However, the basis for the district court's ruling is inconsequential given the jury found no constitutional violation. In the absence of a violation, there is no actionable conspiracy claim. Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 809 (8th Cir. 1999) (affirming dismissal of violation of employees' right of free association claim under section 1983, holding that a civil conspiracy claim does not set forth an independent cause of action, but is sustainable only after an underlying violation has been established); Pfannstiel v. City of Marion, 918 F.2d 1178, 1187 (5th Cir. 1990) (holding that a conspiracy claim is not actionable without an actual violation of section 1983)(vacated in part on other grounds); Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir. 1960), *cert. denied*, 366 U.S. 955, 81 S. Ct. 1905, 6 L.Ed.2d 1247 (1961). In light of the jury's verdict that there was no underlying constitutional injury, Cook's conspiracy claim is moot.

In addition, there is no evidence that the district court's dismissal of Cook's conspiracy claim created any adverse inference with regard to Cook's First Amendment claim. Accordingly, we find that there was no error on the part of the district court in granting Tadros' motion for judgment as a matter of law on Cook's conspiracy claim.

Our finding that the district court did not err in instructing the jury, or in granting Tadros' motions for directed verdicts, makes it unnecessary for us to discuss the other issues raised on appeal.

The verdict and judgment of the district court are affirmed.

-4-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.