# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3476

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Troy James Morrison, also known | * | |
| as Troy James Big Crow, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 13, 2003

Filed:   June 12, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A jury convicted Troy James Morrison of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3), 1153, and assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6), 1153. The district court[1] sentenced Morrison to forty-six months' imprisonment on each count, to be served concurrently. Morrison appeals, arguing that the district court erred by denying his motion for

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

judgment of acquittal on the serious bodily injury charge and by submitting a supplemental instruction in response to a jury question. We affirm.

## I. Background

On the evening of October 13, 2001, Morrison and several others were drinking alcohol at Joe Clifford's home in Pine Ridge, South Dakota. At trial, a government witness testified that as the evening progressed, Morrison became intoxicated and began "acting up." John Clifford, Joe Clifford's son, took Morrison outside and tried to calm him down. A wrestling match ensued between the two. Morrison eventually calmed down and returned to the house. A short time later, Morrison again left the house, whereupon someone locked the doors. Upon realizing that he had been locked out, Morrison began yelling and banging on the doors. He then used a baseball bat to break out the windows of a vehicle parked nearby.

Joe Clifford (Clifford) was awakened during the commotion. Clifford looked out the door, saw Morrison hitting one of the vehicles, and yelled at him to "straighten up and go home." As Morrison approached him with the bat, Clifford stepped into the house and closed the door. After Morrison again started beating the door, Clifford went back outside. According to Clifford, Morrison hit him on the top of the head with the bat. Clifford fell and rolled over, avoiding Morrison's second attempt to strike him. Clifford stood back up, and Morrison swung a third time, hitting Clifford's forehead. Clifford eventually wrestled the bat away from Morrison, and Morrison retreated. Morrison returned, however, and again approached Clifford, who then struck Morrison in the head.

At trial, Morrison denied striking Clifford with the bat, claiming instead that Clifford had initiated the attack.

The district court denied Morrison's motion for judgment of acquittal on both counts of assault. During deliberations, the jury sent a note asking "what constitutes serious bodily injury." After consulting with counsel, the court submitted the definition contained in 18 U.S.C. § 1365(g)(3) (2000):[2] "Serious bodily injury means bodily injury which involves: A) a substantial risk of death; B) extreme physical pain; C) protracted and obvious disfigurement; or D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." See 18 U.S.C. § 113(b)(2) ("[T]he term 'serious bodily injury' has the meaning given that term in section 1365 of this title.").

## II. Analysis

We turn first to Morrison's claim that the district court erred by giving the jury a supplemental instruction defining "serious bodily injury." "The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court." United States v. Suppenbach, 1 F.3d 679, 683 (8th Cir. 1993) (quotation marks and citations omitted). "When a jury explicitly requests supplemental instruction, a trial court must take great care to insure that any supplemental instructions are accurate, clear, neutral, and non-prejudicial." United States v. Martin, 274 F.3d 1208, 1210 (8th Cir. 2001) (quoting United States v. Beckman, 222 F.3d 512, 521 (8th Cir. 2000); Suppenbach, 1 F.3d at 683)). In addition, "the trial judge should answer with concrete accuracy, and within the specific limits of the question presented." Id. (quotation marks and citations omitted).

Morrison contends that by giving the supplemental instruction, the district court "prejudiced [his] Sixth Amendment right to counsel by undermining counsel's closing argument." Having reviewed counsel's argument, we see no prejudice.

---

[2]This definition is now found in 18 U.S.C. § 1365(h)(3), pursuant to the 2002 amendments.

Nothing prevented counsel from discussing the serious bodily injury element of the assault charge, even in the absence of a definitional instruction. Furthermore, despite Morrison's suggestion to the contrary, nothing prevented his counsel from arguing for a split verdict. Finally, the cases on which Morrison relies are readily distinguishable. See United States v. Oliver, 766 F.2d 252 (6th Cir. 1985) (reversing where corrected instruction was submitted after the district court had erroneously instructed the jury on an element of the crime and defense counsel had "expressly tailored his closing argument" to the erroneous instruction); United States v. Bass, 425 F.2d 161 (7th Cir. 1970) (concluding that it "need not decide the prejudicial effect" of the district court's failure to inform counsel, prior to closing arguments, of a proposed instruction, because the instruction was an erroneous statement of the law, requiring reversal).

The district court's supplemental instruction was an accurate statement of the law that was "clearly within the limits of the question the jury posed." United States v. Behler, 14 F.3d 1264, 1270 (8th Cir. 1994). The instruction was also "clear, neutral, and non-prejudicial." Martin, 274 F.3d at 1210. Accordingly, the district court did not err in responding as it did to the jury's inquiry.

Morrison also contends that the government's evidence was insufficient to prove that Clifford suffered serious bodily injury. In reviewing Morrison's claim, we "look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict." United States v. Barrios-Perez, 317 F.3d 777, 778-79 (8th Cir. 2003) (quotation marks and citations omitted). "We will uphold the conviction unless 'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" Id. (citations omitted).

"Whether an injury is serious presents a question of fact for the jury." United States v. Two Eagle, 318 F.3d 785, 791 (8th Cir. 2003) (citation omitted). As indicated above, Clifford testified that Morrison struck him twice on the head with

a baseball bat. According to Clifford, the first blow "hurt" and "dazed" him, causing him to fall to the ground. By the time he was struck the second time, Clifford was "getting numb." During the trial, which occurred approximately eight months after the attack, Clifford showed the jurors a scar that remained on his forehead. Clifford also testified about ongoing difficulties that resulted from the assault, including problems with his peripheral vision and recurring pain in the area where he was first hit. This evidence was sufficient to permit the jury to find that Clifford suffered serious bodily injury, as that term is defined by the relevant statute.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.