# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3918

_____

Kenneth Ray Martin,           *

                      *

      Defendant-Appellant,   *   Appeal from the United States

                      *   District Court for the Southern

    v.                   *   District of Iowa.

                      *

United States of America,       *     [UNPUBLISHED]

                      *

      Plaintiff-Appellee.     *

_____

Submitted: September 25, 2007
Filed: October 24, 2007

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

    Kenneth Ray Martin appeals the district court's[1] order denying him relief under 28 U.S.C. § 2255. Having received a certificate of appealability from the district court, Martin alleges the district court erred in determining that Martin's right to effective assistance of counsel was not violated when his trial attorney failed to investigate matters that came to light immediately before his trial.

---

  [1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Martin has been before this court twice previously. First, he directly appealed his conviction for drug offenses, contesting jury instructions issued by the trial court and alleging his trial counsel was ineffective. We affirmed his conviction, declining to address his ineffective-assistance claims on direct review. United States v. Martin, 274 F.3d 1208 (8th Cir. 2001). Next, Martin appealed the district court's denial of his § 2255 motion as untimely, and we reversed, finding that Martin was entitled to equitable tolling. United States v. Martin, 408 F.3d 1089 (8th Cir. 2005). Now, Martin's ineffective-assistance claim is properly before our court, and we affirm the judgment of the district court.

We review de novo claims regarding ineffective assistance of counsel as they encompass mixed questions of law and fact. United States v. Davis, 406 F.3d 505, 508 (8th Cir. 2005).

To succeed in his appeal, Martin must demonstrate that his trial counsel's failure to investigate late-unfolding evidence constituted professional performance that "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that the failure to investigate prejudiced his defense, id. at 687. Both prongs of the familiar Strickland test must be satisfied to prevail on a claim of ineffective assistance of counsel. "If the defendant cannot prove prejudice, we need not address whether counsel's performance was deficient." Williams v. United States, 452 F.3d 1009, 1014 (8th Cir. 2006) (internal quotation omitted).

Martin has failed to establish he suffered prejudice as a result of his trial counsel's failure to investigate. The alleged alibi witnesses Martin contends would have undermined key government testimony had Martin's trial attorney conducted a more thorough investigation did not, in fact, provide Martin with an alibi. Moreover, Martin has not shown that there is a reasonable probability the outcome of the trial would have been different had the proffered witnesses testified. Cf. id. at 1013-14 (finding no prejudice when an alleged alibi witness did not testify and the court could

not conclude the missing witness's testimony would have altered the outcome of the trial).

We affirm the judgment of the district court.  <u>See</u> 8th Cir. R. 47B.

_____