**UNITED STATES of America, Appellee,**

v.

**Robert Lewis GREGO and Joseph Astling, Appellants.**

**Nos. 83–1284, 83–1285.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Jan. 11, 1984.

Rehearing Denied Feb. 15, 1984.

Jack T. Lassiter, Little Rock, Ark., for appellants.

George W. Proctor, U.S. Atty. by D. Brent Bumpers, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Robert Grego and Joseph Astling were convicted of violation of 21 U.S.C. § 846 (1981), conspiring to possess and distribute marijuana. Astling was also convicted of two counts of using the telephone to facilitate the alleged conspiracy in violation of 21 U.S.C. § 843(b) (1981). Both argue on appeal that: (1) a taped conversation with a government informant should have been suppressed because they were at the time under indictment in Georgia, (2) a radio transmitter seized during a warrantless search of the truck should have been excluded from evidence, (3) motions of acquittal should have been sustained because there was no evidence of conspiracy, and (4)

the tape should have been suppressed because it was inaudible. We affirm the judgment of the district court.[1]

The government's case was based on a conversation that occurred in Little Rock, Arkansas, between Grego and Astling and an experienced government informant, Benjamin Rothwell. The conversations were recorded by a body mike worn by Rothwell and transmitted to a nearby drug enforcement administration vehicle. After the three left the dining room in a motel where the conversation occurred, Grego and Astling were arrested as they started a truck to drive away. Before this conversation on April 30, 1982, Astling and Grego had been indicted by a federal grand jury in Georgia on April 22, 1982, on charges of conspiring to import marijuana into the United States.

I.

Astling and Grego argue that their sixth amendment right to counsel was violated by the taping of the conversation concerning importing marijuana into Arkansas which occurred just eight days after the return of an indictment on similar charges in Georgia. They rely on *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). In *Massiah* the defendant, after having been indicted and having retained counsel, made incriminating admissions to a former cohort, turned informer, in whose car government agents had installed electronic equipment. The Supreme Court held that the right to counsel attaches upon indictment and that incriminating statements made by indicted defendants out of the presence of counsel may not be admitted at trial to prove the charge in the indictment. *Massiah,* supra, 377 U.S. at 206, 84 S.Ct. at 1203.

■■■ The exclusionary rule of *Massiah* is not applicable in this case. In *Massiah* the government sought to use the defendant's incriminating post-indictment state-

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Ar- kansas.

ments to prove the charge in the pending indictment. Here, although Astling and Grego were under indictment in Georgia for importation of marijuana at the time the conversation was taped, the trial in which the tape was used was not for that offense. The taped conversation was received in proof of a different offense—conspiracy to possess marijuana with intent to distribute—committed after the Georgia indictment and before Astling and Grego had been indicted in Arkansas.

It is clear under *Massiah* that the taped conversation could not have been used in defendants' Georgia trial, but *Massiah* offers no immunity from liability for uncounseled, post-indictment statements that involve different criminal acts. Such statements, even though deliberately elicited by government agents after indictment and in the absence of counsel, may form the basis for a separate indictment and may be offered to prove such additional charges. *Hoffa v. United States,* 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966); *United States v. Badolato,* 710 F.2d 1509, 1513 (11th Cir.1983); *United States v. Moschiano,* 695 F.2d 236, 240 (7th Cir.1982); *United States v. Osser,* 483 F.2d 727, 732–34 (3d Cir.), *cert. denied,* 414 U.S. 1028, 94 S.Ct. 457, 38 L.Ed.2d 321 (1973). As this Court explained in *Vinyard v. United States,* 335 F.2d 176, 184 (8th Cir.), *cert. denied,* 379 U.S. 930, 85 S.Ct. 327, 13 L.Ed.2d 342 (1964), *Massiah* is limited to holding that incriminating statements made by indicted defendants out of the presence of counsel may not be admitted at trial to prove the charge in the pending indictment.

Astling and Grego contend, however, that the taped conversation should be excluded under *Massiah* because the Arkansas crimes were part of a continuing transaction with the earlier crimes for which they were under indictment in Georgia when the recording was made. The two indictments involved different offenses. The Georgia in-

dictment was for importation of marijuana into the United States between January, 1982, and February 9, 1982.[2] The Arkansas indictment was for conspiracy to possess marijuana between February 1, 1982, and April 30, 1982. Although both indictments involve marijuana, the acts on which they were based were separate and distinct and did not amount to a single criminal offense. *Badolato, supra,* 710 F.2d at 1513; *Osser, supra,* 483 F.2d at 734. The importation of marijuana which led to the Georgia indictment occurred in Treutlen County, Georgia, on or about February 9, 1982. The acts which led to the Arkansas indictment took place at a completely different time and place. The evidence at trial involved only the conspiracy to possess and distribute marijuana in Arkansas. The acts of Grego and Astling which resulted in the Georgia indictment were not used to prove the offenses charged in the Arkansas indictment.

When the tape of the conversation was made, Astling and Grego had not been indicted on any offense for which the tape was later used against them; therefore, we affirm the district court's refusal to apply *Massiah* to exclude the tape.

## II.

Grego and Astling also allege as error the introduction into evidence of a radio transmitter found in Grego's truck following the arrest. They contend that the transmitter should have been excluded because it was unconstitutionally seized without a warrant. The propriety of the search of the truck is ruled by *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). In *Opperman* the Supreme Court held that a warrantless inventory search of an automobile pursuant to standard police procedures is not an unreasonable search violative of the fourth amendment.

---

**2.** In the Georgia indictment Grego and Astling were both charged with conspiracy to import marijuana in violation of 21 U.S.C. § 963 (1981) and with the importation of marijuana in violation of 21 U.S.C. § 952 (1981). Astling

was also charged with conspiracy to possess marijuana in violation of 21 U.S.C. § 846 (1981) and with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 (1981).

In the instant case the officer testified that he found the radio transmitter while he was conducting a routine inventory search of the truck. The search was conducted in compliance with Little Rock Police Department policy. It is plain that the radio transmitter was properly seized in an inventory search authorized by *Opperman.*

### III.

Astling and Grego contend that the district court erred in denying their motions for acquittal because the evidence was insufficient to sustain their convictions for conspiracy under 21 U.S.C. § 846.

When an attack is made upon the sufficiency of the evidence, the jury's verdict must be sustained if there is substantial evidence, viewed in the light most favorable to the government, to support it. *Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 2911, 41 L.Ed.2d 590 (1974); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Henneberry,* 719 F.2d 941, 945 (8th Cir.1983). The government is entitled to the benefit of all reasonable inferences. *United States v. Steffen,* 641 F.2d 591, 597 (8th Cir.), *cert. denied,* 452 U.S. 943, 101 S.Ct. 3091, 69 L.Ed.2d 959 (1981).

To be convicted of conspiracy under 21 U.S.C. § 846, the government must prove, by direct or circumstantial evidence, that there was an agreement among the defendants to achieve an illegal purpose. *United States v. Cuni,* 689 F.2d 1353, 1356 (11th Cir.1982). The government established Astling's and Grego's knowledge of and voluntary participation in a conspiracy to possess and distribute marijuana in Arkansas. Although the taped conversations are somewhat ambiguous, they certainly provide circumstantial evidence of the existence of an agreement to bring marijuana into Arkansas. That evidence, along with the testimony of the government informant, is sufficient to support a jury finding that Astling and Grego were conspiring to possess marijuana with the intention of distributing it.

Astling also argues that there was not sufficient evidence to support his convictions under 21 U.S.C. § 843(b) for the use of a telephone to further the conspiracy. After a review of the phone conversations of April 29 and 30, as well as the taped conversation at the motel, we conclude that Astling's allegations of insufficiency of evidence as to his § 843(b) convictions are also without merit.

### IV.

Grego and Astling claim that the tape made by the use of the body mike was of such poor quality that it should have been suppressed.

The standard for the admissibility of tape recordings is set forth in *United States v. Bell,* 651 F.2d 1255 (8th Cir.1981). The admission of the tape is "within the sound discretion of the trial court and will not be reversed unless there has been an abuse of that discretion." *Bell, supra,* 651 F.2d at 1259.

In this case the district judge, prior to the trial, listened to the tape. Although a transcript of the tape was read to the jury, only the tape, and not the transcript, was admitted into evidence, and the defendants' attorneys were offered the opportunity to provide their own transcript for the jury. This procedure is in conformity with *Bell,* and we do not see an abuse of discretion that would justify reversal.

After a careful review of the defendants' allegations of error, we are convinced they are without merit and affirm the judgments of the district court.