**Ramone TELLO, Jr.,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C4-84-2035.**

Court of Appeals of Minnesota.

Feb. 12, 1985.

Review Denied April 12, 1985.

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Daniel Birkholz, Watonwan County Atty., St. James, for respondent.

Considered and decided by POPOVICH, C.J., PARKER and FOLEY, JJ., with oral argument waived.

### OPINION

POPOVICH, Chief Judge.

Appellant Ramon Tello, Jr. appeals from an order denying his request for post-conviction relief. The post-conviction court ruled that statements appellant made while in jail to an officer concerning a separate, unrelated crime were admissible at that subsequent trial. We affirm.

## FACTS

On August 19, 1983, appellant pleaded guilty to (1) burglary of the Hennis residence in Madelia, Minnesota, (2) charges of second degree assault, and (3) unauthorized use of a motor vehicle. He remained in jail while a presentence investigation report was being prepared.

Meanwhile, police received information appellant may have had an accomplice in the Hennis burglary. On September 15, officer Lee Bouma discussed it with appellant at the jail. Before questioning, Bouma read appellant a *Miranda* warning. Appellant acknowledged his understanding of his rights and agreed to talk. Bouma asked appellant "was there someone else with you when you did that [Hennis] burglary?" Appellant told the officer the name of the other person and also stated he and his accomplice burglarized the Tande residence on May 26, 1983. Appellant made several incriminating statements about his involvement in the Tande burglary.

Appellant was charged with burglary in the first degree and theft involving the Tande residence. Following an omnibus hearing, the trial court denied appellant's motion to suppress statements given to Bouma. Appellant waived a jury trial, submitted to a court trial based on stipulated facts, and was convicted of burglary. He was sentenced to 54 months imprisonment, the presumptive sentence for a severity level VI offense and a criminal history score of 5. Appellant sought post-conviction relief on August 21, 1984. The post-conviction court denied appellant's requested relief and ruled that appellant's statements about the Tande burglary were properly admitted at the Tande trial.

## ISSUE

Were appellant's incriminating statements about the Tande burglary admissible?

## ANALYSIS

1. Appellant contends his sixth amendment right to counsel was violated by the use of his statements regarding the Tande burglary made while in jail awaiting sentencing on the Hennis burglary.

In *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), the United States Supreme Court held that where federal agents deliberately elicited incriminating statements from a defendant after indictment in the absence of counsel, the statements could not be used against him at trial to prove the charge in the indictment. The Court noted:

> We do not question that in this case, as in many cases, it was entirely proper to continue an investigation of the suspected criminal activities of the defendant and his alleged confederates * * *. All that we hold is that the defendant's own incriminating statements * * * could not constitutionally be used by the prosecution as evidence against *him* at his trial.

*Id.* at 207, 84 S.Ct. at 1203 (emphasis in original).

In *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), the Supreme Court held that, assuming a Sixth Amendment violation, statements made by defendant while his trial for a Taft-Hartley violation was pending were admissible in a subsequent prosecution for attempted bribery. The Court stated, "The petitioner's statements related to the commission of a quite separate offense * * *." *Id.* at 308, 87 S.Ct. at 416.

Here, the statement was not used at the trial of the offense for which appellant was being held. Appellant was being held in jail on the Hennis burglary. Appellant is not claiming his right to counsel for the Tande offense was violated. Appellant's right to counsel for the Tande burglary had not attached since he was not under investigation for this offense when the officer asked questions regarding accomplices in the Hennis burglary. *State v. Ture*, 353 N.W.2d 502, 511 (Minn.1984).

In similar fact situations, federal courts consistently have rejected these arguments. Most recently in *United States v. Grego*, 724 F.2d 701 (8th Cir.1984), defendants were indicted in Georgia on charges of

conspiring to import marijuana into the United States. Eight days later a government informant taped conversations between the two defendants in Arkansas, leading to their conviction in Arkansas for separate charges of conspiring to possess and distribute marijuana. The Eighth Circuit Court of Appeals indicated that *Massiah*'s exclusionary rule was not applicable.

It is clear under *Massiah* that the taped conversation could not have been used in defendant's Georgia trial, but *Massiah* offers no immunity from liability for uncounseled, post-indictment statements that involve different criminal acts. Such statements, even though deliberately elicited by government agents after indictment and in the absence of counsel, may form the basis for a separate indictment and may be offered to prove additional charges. * * * *Massiah* is limited to holding that incriminating statements made by indicted defendants out of the presence of counsel may not be admitted at trial to prove the charge in the *pending indictment.*

*Id.* at 703 (emphasis added).

The statement about the Tande burglary was not deliberately elicited by the officer but was voluntarily admitted by appellant. Exclusion of appellant's incriminating statements is not required because appellant was never asked about other crimes.

The analysis in *Grego* has been applied by other courts. *See, e.g., United States v. Calhoun,* 669 F.2d 923, 925 (4th Cir.), *cert. denied,* 456 U.S. 946, 102 S.Ct. 2014, 72 L.Ed.2d 469 (1982); *United States v. Capo,* 693 F.2d 1330, 1339 (11th Cir.1982), *cert. denied,* 460 U.S. 1092, 103 S.Ct. 1793, 76 L.Ed.2d 359 (1983); *United States v. Osser,* 483 F.2d 727, 732 (3rd Cir.), *cert. denied,* 414 U.S. 1028, 94 S.Ct. 457, 38 L.Ed.2d 321 (1973); *United States v. Moschiano,* 695 F.2d 236, 243 (7th Cir.1982), *cert. denied,* — U.S. —, 104 S.Ct. 110, 78 L.Ed.2d 111 (1983).

2. Appellant argues his statements could only have been admissible if made in the process of committing a separate criminal offense citing *United States v. Badola-*

*to,* 710 F.2d 1509, 1513 (11th Cir.1983). This interpretation is unreasonable because the admissibility of statements would hinge on the fortuity of whether appellant was committing a criminal offense when the incriminating statements were made.

3. While custodial interrogations of accuseds represented by counsel are disapproved, *see State v. Ture,* 353 N.W.2d 502, 511 (Minn.1984), the Minnesota Supreme Court has never fashioned a "per se" rule of inadmissibility under such circumstances. *Id.* We will not now adopt a rule which says that when a defendant is convicted and in jail awaiting sentencing and is questioned (without notice to counsel) about possible accomplices, that any statement voluntarily made about a different crime is inadmissible at that later trial.

### DECISION

The post-conviction court correctly determined appellant's incriminating statements were properly admitted in the Tande trial.

Appellant's request for post-conviction relief was properly denied.

Affirmed.