# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1924

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Salvador Barrios-Perez, also known | * | Southern District of Iowa. |
| as Salvador Barrios, also known as | * | |
| Flaco, also known as Chava, also | * | |
| known as Javier Eduardo Miranda, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 10, 2002

Filed:  February 3, 2003

_____

Before WOLLMAN, GIBSON, and MELLOY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A jury convicted Salvador Barrios-Perez (Barrios) of conspiring to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(b)(1), 846, distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), distributing methamphetamine to a person of less than twenty-one years of age in violation of 21 U.S.C. § 859, and possessing a firearm in furtherance of a drug conspiracy in

violation of 18 U.S.C. § 924(c)(1). The district court[1] sentenced Barrios to 295 months in prison. Barrios appeals, contending that the evidence presented was insufficient to convict him of the distribution and firearm charges and that the instructions submitted to the jury constructively amended the indictment in violation of his Fifth and Sixth Amendment rights. Barrios also challenges his sentence, asserting that the district court erred in calculating his base offense level under USSG § 2D1.1. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

In considering a challenge to the sufficiency of the evidence supporting a guilty verdict, we "look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict." United States v. Harmon, 194 F.3d 890, 892 (8th Cir. 1999) (citation omitted). We will uphold the conviction unless "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (quotations omitted).

Barrios and seven other individuals were indicted with drug conspiracy and weapons violations on the basis of evidence obtained during police searches and seizures in Des Moines, Iowa, on July 27, 2001. Count II alleged that Barrios possessed a firearm in furtherance of a drug conspiracy in violation of 18 U.S.C. § 924(c). After a controlled delivery of a package containing methamphetamine to 1672 Northwest 84th Street, police officers executed a search warrant for the house. Police officers seized approximately 4.4 pounds of methamphetamine, 325 pounds of marijuana, and a .45 caliber semi-automatic pistol. Evidence adduced at trial linked Barrios to both the pistol and the drugs seized at the residence. Documentary evidence pointed to Barrios' management of the stash house. Ornelas, who accepted

---

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

the package during the controlled delivery to 1672 Northwest 84th Street, testified that Barrios had given the pistol to him so that he could threaten a man who "was talking about things that he shouldn't [have been] talking about." "The credibility of [Ornelas' testimony] was for the jury to determine . . . ." United States v. Miller, 283 F.3d 907, 912 (8th Cir. 2002) (citation omitted). The jury found Ornelas' testimony to be credible, and thus we conclude that "the evidence amply supported the jury's verdict on this count." Id.

Counts VIII and IX alleged that Barrios distributed more than fifty grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and distributed more than fifty grams of methamphetamine to a person less than twenty-one years old in violation of 21 U.S.C. § 859. Jose Ramirez was less than twenty-one years old when police seized a pound of methamphetamine from his vehicle on July 27, 2001. Ramirez testified that he knew Barrios and that Barrios had delivered marijuana to him on several occasions. Ramirez also testified that he procured the methamphetamine from Matias Leonos and Barrios and that Barrios was supposed to have delivered the pound of methamphetamine to him. Accordingly, the evidence is sufficient to support the jury's verdict on this count.

## II. CONSTRUCTIVE AMENDMENT

Barrios asserts that the district court's instructions to the jury constructively amended the indictment in violation of his Fifth Amendment right to indictment by grand jury and Sixth Amendment right to due process. Constructive amendment of an indictment constitutes reversible error and "occurs when the essential elements of the offense set forth in the indictment are [in effect] altered . . . by the prosecutor or the court after the grand jury has passed upon them." United States v. Emery, 186 F.3d 921, 927 (8th Cir. 1999) (quoting United States v. Begnaud, 783 F.2d 144, 147 n.4 (8th Cir. 1986)). Jury instructions are found to "have caused a constructive

amendment only if they 'in effect allowed the jury to convict the defendant of an offense different from or in addition to the offenses alleged in the indictment.'" Id.

Barrios contends that the indictment was constructively amended because it was phrased in the conjunctive, whereas the district court instructed the jury in the disjunctive. An instruction that requires the jury to find a conspiracy to distribute marijuana *or* cocaine, or both, does "not permit the jury to convict the defendant of an offense different from that charged in the indictment." United States v. Moore, 184 F.3d 790, 793 (8th Cir. 1999) (quoting United States v. Lueth, 807 F.2d 719, 733-34 (8th Cir. 1986)). The offense charged both in Moore and in the instant case was conspiracy to distribute a controlled substance. See Moore, 184 F.3d at 793; Lueth, 807 F.2d at 734. Barrios "could have committed this offense with either marijuana, [methamphetamine,] or cocaine." Moore, 184 F.3d at 793; Lueth, 807 F.2d at 734. Because the challenged instruction did not alter the number or nature of the crimes for which Barrios could be convicted, no constructive amendment occurred.

III. SENTENCING ISSUE

Barrios asserts that the district court erred in calculating his base offense level under USSG § 2D1.1 for the purposes of sentencing. "We review the application of the guidelines . . . de novo and factual findings for clear error." United States v. Gomez, 271 F.3d 779, 781 (8th Cir. 2001) (citations omitted). Because it is a factual finding, we will reverse the district court's determination of drug quantity "only if the entire record definitely and firmly convinces us that a mistake has been made." United States v. Granados, 202 F.3d 1025, 1028 (8th Cir. 2000) (citation omitted).

Barrios contends that the methamphetamine seized by the postal inspectors en route to the house at 84th Street and from Jose Ramirez should not have been included in the amount upon which the calculation of his sentence was based. There

was evidence linking Barrios to methamphetamine seized from both sources, however, and thus the district court did not err in including it in calculating Barrios' base offense level.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.