# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1927

_____

United States of America,                 *
                                          *
          Appellee,                       *
                                          *
     v.                                   *
                                          *
Matias Leonos-Marquez,                    *
                                          *
          Appellant.                      *

_____

No. 02-2136

_____

United States of America,                 *
                                          *
          Appellant,                      *
                                          *
     v.                                   *
                                          *
Matias Leonos-Marquez,                    *
                                          *
          Appellee.                       *

Appeals from the United States
District Court for the
Southern District of Iowa.

_____

Submitted:  February 12, 2003

Filed:  March 24, 2003

_____

Before WOLLMAN, HEANEY, and MELLOY, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

A jury convicted Matias Leonos-Marquez of conspiring to distribute methamphetamine, cocaine, and marijuana in violation of 21 U.S.C. §§ 841(b)(1), 846, distributing in excess of fifty grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and distributing methamphetamine to a person of less than twenty-one years of age in violation of 21 U.S.C. § 859. The district court[1] sentenced Leonos to 224 months in prison. Leonos appeals, contending that the evidence presented was insufficient to convict him of the distribution charges, that the district court erred by dismissing his motion for a new trial, and that the instructions submitted to the jury addressing the conspiracy charge constructively amended the indictment in violation of his Fifth and Sixth Amendment rights. Leonos also challenges his sentence, arguing that the district court erred in granting a two-point sentence adjustment for organizer/leader status under U.S.S.G. § 3B1.1(c). The United States cross-appeals, contending that the district court erred by not enhancing Leonos's sentence for obstruction of justice under U.S.S.G. § 3C1.1. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

In considering a challenge to the sufficiency of the evidence supporting a guilty verdict, we "look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict." United States v. Barrios-Perez, 317 F.3d 777, 779 (8th Cir. 2003) (citing United States v. Harmon, 194 F.3d 890, 892 (8th Cir. 1999) (citation omitted)). We will uphold the conviction

---

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the  Southern District of Iowa.

unless "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. (quotations omitted).

Leonos and seven other individuals were indicted on drug conspiracy and weapons violations on the basis of evidence obtained during police searches and seizures in Des Moines, Iowa, on July 27, 2001. Count I alleged that Leonos conspired to distribute in excess of 500 grams of a mixture or substance containing methamphetamine, in excess of 500 grams of cocaine, and in excess of 100 kilograms of marijuana. To convict Leonos of conspiracy, the government was required to prove that he agreed or conspired knowingly to distribute drugs, an illegal act. United States v. Crossland, 301 F.3d 907, 913 (8th Cir. 2002) (citing United States v. Davidson, 195 F.3d 402, 406 (8th Cir. 1999); United States v. Grego, 724 F.2d 701, 704 (8th Cir. 1984)). A conspiracy may consist of a tacit or implicit understanding rather than an explicit or express agreement. Id. (citing United States v. Pintar, 630 F.2d 1270, 1275 (8th Cir. 1980)). The government, further, must have shown that Leonos exhibited "some element of cooperation beyond mere knowledge of the existence of the conspiracy." Id. (citing United States v. Duckworth, 945 F.2d 1052, 1053 (8th Cir. 1991)). The evidence adduced at trial, however, need not "exclude every reasonable hypothesis except that of guilt." United States v. Sloan, 293 F.3d 1066, 1068 (8th Cir. 2002) (citing United States v. Gipp, 147 F.3d 680, 688 (8th Cir. 1998) (citation omitted)).

On July 27, 2001, after conducting a controlled delivery of a package containing methamphetamine at 1672 Northwest 84th Street, Des Moines, Iowa, police officers executed a search warrant for the house. Police officers seized approximately 4.4 pounds of methamphetamine and 325 pounds of marijuana. Materials seized from the residence, including a Western Union receipt, a notebook containing a list of names, drug notes, and cellular telephone records and telephone numbers, linked Leonos to the house and to the related drug trafficking.

Counts VIII and IX alleged that Leonos distributed more than fifty grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and distributed more than fifty grams of methamphetamine to a person less than twenty-one years old in violation of 21 U.S.C. § 859. Jose Ramirez was less than twenty-one years old when police seized a pound of methamphetamine from his vehicle on July 27, 2001. Ramirez testified that he had ordered from Leonos the pound of methamphetamine that the police seized from his vehicle. Ramirez testified that he also had ordered marijuana from Leonos, which Barrios had delivered to him. "The credibility of [Ramirez's] testimony was for the jury to determine . . . ." Barrios-Perez, 317 F.3d at 779 (citing United States v. Miller, 283 F.3d 907, 912 (8th Cir. 2002)). The jury found [Ramirez's] testimony to be credible, and thus we conclude that 'the evidence amply supported the jury's verdict on this count.'" Id.

## II. CONSTRUCTIVE AMENDMENT

In light of our decision in United States v. Barrios-Perez, we find to be without merit Leonos's argument that the district court's instructions to the jury constructively amended the indictment. 317 F.3d at 779-780.

## III. MOTION FOR NEW TRIAL

Leonos contends that the district court erred by dismissing his motion for new trial. "We review a district court's denial of a motion for a new trial with great deference, reversing only if the district court abused its discretion." Jones v. TEK Indus., 319 F.3d 355, 358 (8th Cir. 2003) (citing Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000)). We "give great deference to [the district court's] judgment, because [it] has the benefit of hearing testimony and observing the demeanor of the witnesses throughout the trial." Id. (citing Bonner v. ISP Techs., Inc., 259 F.3d 924, 932 (8th Cir. 2001)). Furthermore, a district court's findings concerning the credibility of a witness are virtually unreviewable on appeal. United States v. Moore,

212 F.3d 441, 447 (8th Cir. 2000) (citation omitted). Leonos argued that a new trial was appropriate because of an alleged incident of prosecutorial misconduct. Leonos's brother, Marced Leonos, stated that the prosecutor and a prosecution witness appeared in front of the jury when neither Leonos nor his counsel were present. The district court determined that Marced Leonos's testimony was inaccurate and that no misconduct had occurred. Accordingly, we conclude that the district court did not abuse its discretion in denying Leonos's motion for a new trial.

## IV. SENTENCING ISSUES

### A. Sentence Enhancement

Leonos challenges his sentence, contending that the district court improperly enhanced his offense level pursuant to U.S.S.G. § 3B1.1(c) for his role in the offense. Leonos asserts that evidence presented at trial did not support the court's finding that he was an "organizer, leader, manager, or supervisor in [a] criminal activity."

A sentence enhancement under § 3B1.1 is based upon findings of fact, which we review for clear error. United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000) (citations omitted). Among the factors a district court considers in determining whether a defendant is an organizer or leader are the "defendant's decision-making authority, the nature of his participation in the crime, whether he recruited accomplices, the degree of his participation in organizing the offense and his control and authority over others." Id. at 861 (citing U.S.S.G. § 3B1.1, cmt. n.4; United States v. Rodriguez, 112 F.3d 374, 377 (8th Cir. 1997)). We construe the terms organizer and leader broadly. Id. (citing United States v. Guerra, 113 F.3d 809, 820 (8th Cir. 1997)). To be considered an organizer or leader, an individual in a drug conspiracy must have done more than sell drugs for resale. Id. He need not, however, have controlled his co-conspirators directly. Id.

Leonos exerted control over the 84th Street stash house and was associated with Barrios. Ramirez testified that he thought that Leonos was in charge because "all [he] had to do is just tell [Leonos] what [he] need[ed], then [Leonos] made a phone call, and there you go." Ramirez testified that he had ordered one pound of methamphetamine from Leonos, as well as marijuana, which Barrios had delivered to him. Ramirez stated that Barrios routinely made drug deliveries for Leonos. He also stated that at the time of the trial, he still owed Leonos approximately $32,000 dollars for the marijuana, indicating that Leonos managed the conspiracy's finances. In light of this evidence, there is no clear error in the district court's determination that Leonos was an organizer or leader within the meaning of U.S.S.G. § 3B1.1(c). See Thompson, 210 F.3d at 861.

## B. Cross-Appeal: Sentence Enhancement

The government challenges Leonos's sentence, contending that the district court erred by refusing to impose a sentence enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The determination whether Leonos committed perjury and in so doing obstructed justice is a factual finding. Accordingly, we will reverse the district court's refusal to impose a sentence enhancement under U.S.C.G. § 3C1.1 only upon a showing of clear error. See United States v. Esparza, 291 F.3d 1052, 1054-55 (8th Cir. 2002).

"A witness commits perjury if he 'gives false testimony concerning a material matter with the wilful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" United States v. Thomas, 93 F.3d 479, 489 (8th Cir. 1996) (citations omitted). The government contends that Leonos committed perjury by submitting a letter to the court in support of his motion for new trial that contained false allegations of prosecutorial misconduct and by calling Marced Leonos to testify regarding the false information at the sentencing hearing. The district court determined that the evidence was insufficient to support a finding that Leonos had

committed perjury. Our review of the record satisfies us that the district court did not commit clear error in so ruling.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.