# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3907

_____

United States of America,    *
              *
    Appellee,     *
              * Appeal from the United States
   v.         * District Court for the Southern
              * District of Iowa.
John Adams Thropay,    *
              *
    Appellant.    *

_____

Submitted: October 18, 2004
Filed: January 7, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

John Thropay appeals from his conviction by a jury for possessing cocaine with the intent to distribute it, *see* 21 U.S.C. § 841(a)(1), and from the district court's[1] denial of his motion for a new trial. He argues that there was insufficient evidence to support his conviction and that the district court erred in denying his motion by not making necessary factual findings. We affirm.

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

While patrolling Interstate 80, Iowa State Trooper Bryan Guill saw a 1996 Saturn driven by Mr. Thropay speed past at 90 m.p.h., well above the speed limit. After the trooper stopped Mr. Thropay, he spoke with him and his passenger, Sabrina Laprade. He asked Mr. Thropay why a computer check of the license plate showed that the car was registered to someone else. Mr. Thropay answered that he had just purchased the car, though he could not remember the name of the person from whom he had bought it. Mr. Thropay and Ms. Laprade then gave inconsistent answers to several basic questions. Because Trooper Guill thought that the car might contain drugs, he asked for and received Mr. Thropay's consent to search the car. After a drug-sniffing dog indicated that there might be drugs in the hood area of the car, Trooper Guill and other officers who had joined him discovered signs of a hidden compartment. They took the car to a garage for a more thorough search and found five heavily wrapped packages in the passenger-side air-bag compartment. The packages contained almost 5,000 grams of cocaine.

Ms. Laprade appeared as a government witness at Mr. Thropay's trial. She testified about a number of matters, including the selection of the route from Juarez, Mexico, their departure site, to Charlotte, North Carolina, where (according to what she said Mr. Thropay had told her) they were going to deliver the car to Mr. Thropay's friend or relative. Specifically, she testified that during the trip she looked at a road atlas and asked why they were not going to Charlotte by way of Interstate 10, a route south of the one that they had chosen. Mr. Thropay, she said, responded that Interstate 10 was "hot." Relatedly, a Drug Enforcement Administration agent, testifying as an expert, stated that Interstate 10 was one of the first routes heavily used by drug traffickers and that the police had therefore concentrated interdiction efforts along that route.

I.

Mr. Thropay's principal argument on appeal is that the district court erred when it denied his motion for acquittal because there was insufficient evidence to support

the jury's guilty verdict. We review the denial of a motion for acquittal *de novo*. *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004). Evidence suffices to support a verdict if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Viewing the evidence in the light most favorable to the prosecution includes drawing all reasonable inferences in favor of the verdict. *United States v. Sandifer*, 188 F.3d 992, 995 (8th Cir. 1999).

To prove that Mr. Thropay violated § 841(a)(1), the government had to show beyond a reasonable doubt that Mr. Thropay "knowingly possessed and intended to distribute" the cocaine hidden in the Saturn's dashboard. *United States v. Sanchez*, 252 F.3d 968, 972 (8th Cir. 2001). Mr. Thropay challenges the adequacy of the evidence only with respect to the scienter element of the offense. Prosecutors often use circumstantial evidence to establish knowledge because direct evidence of it is frequently unavailable. *United States v. Martinez*, 168 F.3d 1043, 1048 (8th Cir. 1999). This case was no exception.

The premise of Mr. Thropay's argument is that the jury, at the prosecution's urging, drew unreasonable inferences against him, and that without these inferences there was insufficient evidence of knowledge to support the guilty verdict. Take, for example, the evidence about the trip's destination. Trooper Guill testified at trial that when he asked Mr. Thropay where he was going, Mr. Thropay answered that he was on his way to see an uncle in Peoria, Illinois; he did not say that he was delivering the car to Charlotte (though he does not now dispute that Charlotte was his final destination). Ms. Laprade testified, however, that Mr. Thropay did not tell her anything about visiting an uncle in Peoria. While one might think that Mr. Thropay told the trooper that he was going to Peoria to visit a relative rather than to Charlotte to deliver a car because the former sounds less suspicious, Mr. Thropay insists that his statement about visiting his uncle in Peoria was not a lie that demonstrates a guilty

-3-

mind. Instead, he maintains that there is an innocent explanation, namely, that while he was driving and Ms. Laprade was asleep, he remembered that he had an uncle in Peoria and decided to visit him before continuing on to Charlotte. There was evidence in the record, Mr. Thropay contends, that would have allowed the jury to reason its way to this explanation: Trooper Guill testified that Mr. Thropay was driving on a road that one would take to Peoria and had told him that they were going to see an uncle in Peoria, and Ms. Laprade testified that she slept a lot during the trip and was asleep when they were stopped. The rest of Mr. Thropay's argument proceeds in a similar fashion, that is, he offers innocent explanations for circumstances that might reasonably indicate guilt.

But Mr. Thropay's argument fails for the basic reason that we must give the verdict the benefit of all reasonable inferences, and the inferences that Mr. Thropay challenges are eminently reasonable. We also conclude that reasonable inferences from the evidence in this record were sufficiently strong to support a finding of guilt beyond a reasonable doubt. As we have said, there was testimony that at one point in the trip Mr. Thropay said that Interstate 10 was "hot." The jury reasonably could have found that "hot" referred to a heavy police presence and that Mr. Thropay had avoided Interstate 10 to reduce the chances that he would be pulled over and found with the cocaine. *See United States v. Ceballos*, 340 F.3d 115, 120 (2d Cir. 2003). The jury also could have inferred, quite reasonably, that aspects of Mr. Thropay's answers to Trooper Guill's questions (*e.g.*, that he was going to see his uncle in Peoria) and his suspicious memory lapse as to who had just sold him the car indicated that he knew about the cocaine. The jury might have sensibly relied as well on the improbability that someone would travel from Juarez, Mexico, to Charlotte, North Carolina, to deliver a 1996 Saturn with 132,000 miles on it as proof that Mr. Thropay knew about the drugs in his car. *Cf. Martinez*, 168 F.3d at 1048. We see no reason to disturb this verdict.

II.

Mr. Thropay also maintains that the district court erred when it denied his motion for a new trial, which was based on allegations of prosecutorial misconduct. We review the denial of a motion for a new trial for an abuse of discretion. *United States v. Leonos-Marquez*, 323 F.3d 679, 682-83 (8th Cir. 2003), *cert. denied*, 124 S. Ct. 304 (2003). Prosecutorial misconduct provides grounds for a new trial when the prosecutor's conduct was improper and prejudicial enough to deprive the defendant of a fair trial. *United States v. Davis*, 367 F.3d 787, 789 (8th Cir. 2004).

The district court abused its discretion, Mr. Thropay argues, by failing to make findings of fact concerning alleged witness coaching by the prosecutor. In an affidavit filed in the district court, Ms. Laprade attested that the prosecutor told her not to mention in her trial testimony that she had spoken with Mr. Thropay, in Juarez, about traveling to her hometown of Longmont, Colorado, before going to Charlotte. If Ms. Laprade had testified about the conversation, the argument goes, the jury could have found that Mr. Thropay eschewed Interstate 10 because Ms. Laprade and he had decided to go north to Longmont before heading east to Charlotte, and not because he was trying to avoid the police.

Mr. Thropay's witness-coaching argument founders on the absence of prejudice. Whether the prosecutor told Ms. Laprade not to mention the conversation about visiting Colorado is unimportant because, in fact, she testified about the substance of this conversation. Mr. Thropay admits as much in his brief when he says that "the clear implication of the cross-exam [of Ms. Laprade] was that the discussion about going to Colorado did take place before leaving El Paso." That the quotation refers to El Paso rather than Juarez is immaterial; El Paso is right across the border from Juarez and is the place where Ms. Laprade and Mr. Thropay would have entered Interstate 10. The point is that Mr. Thropay acknowledges that Ms. Laprade told the jury that she and he discussed going to Colorado before choosing to forgo Interstate 10. The district court therefore did not err by failing to find facts about the

alleged coaching because there could have been no prejudice; the jury heard the testimony that the prosecutor supposedly sought to suppress. Findings of fact would have been superfluous.

Mr. Thropay also insists that the district court erred by failing to find facts as to several other matters. But these matters were not raised in the district court, so it could not have erred in failing to address them.

For the above stated reasons, we affirm Mr. Thropay's conviction and the district court's denial of his motion for a new trial.

_____