# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2989

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Jesse Lee Crawford, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 14, 2006
Filed: June 7, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and SMITH, Circuit Judges.

_____

LOKEN, Chief Judge.

A jury found Jesse Lee Crawford guilty of conspiracy to distribute methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance commonly known as ecstasy, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Crawford appeals his conviction, arguing that he is entitled to a new trial because the district court[1] erred in refusing to give two proposed jury instructions regarding conspiracy issues. We affirm.

_____

[1]The HONORABLE ROBERT W. PRATT, United States District Judge for the Southern District of Iowa.

The indictment charged Crawford and seven others with conspiracy to distribute MDMA, cocaine, and marijuana in the Southern District of Iowa from May 1996 to October 2002. At the February 2005 trial, California native Robert Morataya testified that he began distributing marijuana to various Iowa customers while attending an Iowa college in 1994. California associates continued to ship marijuana to Iowa customers when Morataya moved to Spain in 1997. The group expanded its operations to include cocaine in 1998 and commenced regular cocaine shipments to their Iowa customers. Crawford met Morataya in California and agreed to transport cocaine to Morataya in Spain in May 1999. After arriving in Spain, Crawford accompanied Morataya to Amsterdam, where they established a Dutch source for MDMA. Morataya testified that, between May and late October 1999, Crawford transported 1000 MDMA pills from Spain to California for Morataya, some of which were distributed in Iowa; received thousands of MDMA pills in California from Morataya in Spain; made two more trips to Amsterdam with Morataya to buy MDMA pills; and obtained 10,000 of the second 30,000-pill purchase. Crawford was arrested in late October 1999 after pills addressed to him in California were seized at the JFK Airport mail facility in New York. Morataya continued distributing MDMA in Iowa and elsewhere until his arrest in October 2002.

At the close of the evidence, the district court instructed the jury, without objection, that the essential elements of the charged conspiracy offense were that two or more persons agreed to distribute MDMA *or* cocaine *or* marijuana, and that a particular defendant knowingly joined in the agreement at some time while it was still in effect. As there was no evidence linking Crawford to the distribution of marijuana, the court, again without objection, submitted a verdict form asking whether Crawford was guilty of "knowingly and intentionally distribut[ing] a controlled substance, as charged in Count 1," and if so, asking separately whether he conspired to distribute MDMA and cocaine. The jury found Crawford guilty of conspiring to distribute MDMA but not cocaine.

On appeal, Crawford first argues that the district court abused its discretion in refusing to give his proposed jury instruction on multiple conspiracies. The lengthy proposal included an instruction that, "The common aim or purpose alleged in this indictment is the distribution of MDMA, cocaine *and* marijuana." (Emphasis added.) Though that language accurately paraphrased the indictment, it is well settled that a conspiracy to distribute more than one controlled substance may be charged in the conjunctive -- MDMA, cocaine, *and* marijuana -- but submitted to the jury, as here, in the disjunctive -- MDMA, cocaine, *or* marijuana. United States v. Barrios-Perez, 317 F.3d 777, 779-80 (8th Cir. 2003). Thus, Crawford's proposed multiple conspiracies instruction would have improperly instructed the jury to acquit, given the absence of evidence linking him to marijuana distribution. Acknowledging that multiple conspiracies was a legitimate issue, the government objected to the proposed instruction and urged the court to give the multiple conspiracies instruction found in Eighth Circuit Model Instruction 5.06G. The court did so, thereby avoiding the error of law lurking in Crawford's proposal. There was no abuse of discretion. The instructions as a whole properly conveyed the law to be applied. See United States v. Ryder, 414 F.3d 908, 917 (8th Cir. 2005).

Crawford next argues that the district court abused its discretion in refusing to give a purported theory-of-defense instruction that instructed the jury to determine whether he was an "independent contractor," as opposed to a "conspirator," and incorporated a multi-factor test that the Internal Revenue Service has adopted to distinguish independent contractors from employees. This argument is without merit. Crawford cites no authority for the contention, implicit in the proposed instruction, that an independent contractor for tax purposes may never be a criminal conspirator. The contention is absurd on its face. However the tax laws might describe Crawford's relationship to Morataya and other conspirators in business terms, the evidence was more than sufficient to prove that Crawford knowingly joined a conspiracy to distribute MDMA in the Southern District of Iowa and elsewhere. Thus, the district court did not abuse its discretion in sustaining the government's objection to this

proposed instruction. A defendant is only entitled to a theory of defense instruction "if the evidence supports the proffered instruction, and the instruction correctly states the law." <u>United States v. Ellerman</u>, 411 F.3d 941, 945 (8th Cir. 2005) (quotation omitted).

The judgment of the district court is affirmed.

_____